IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SETH ANDERSON COWAND | : | |
| | : | |
| v. | : | Civil No. CCB-14-3047 |
| | : | |
| GRIFFIN ENERGY, INC. | : | |
| | : | |

**MEMORANDUM**

Seth Anderson Cowand sues Griffin Energy, Inc., his former employer, alleging that Griffin Energy breached its employment contract with him. After entry of default against Griffin for failure to defend itself, Cowand moved for default judgment, seeking $285,392.00 in damages. No hearing is necessary to resolve that motion. *See* Local Rule 105.5 (D. Md. 2014). For the reasons explained below, Cowand's motion will be granted and default judgment entered in his favor.

**BACKGROUND**

Cowand and Griffin Energy executed an employment contract on November 8, 2011. (*See* Compl. ¶ 4, ECF No. 1.) That contract provided for a term of employment from November 8, 2011, through September 1, 2014. (*See* Compl. Ex. A, Contract 1, ECF No. 1-1.) In exchange for his services as president of the corporation for that 34-month term, Cowand would receive $300,000. (*See id.* at 2.) Although the contract provided that such payment would be made over the course of his employment "as funds are available," it also indicated that Griffin would pay "all compensation on or before the expiration date of this agreement," which it defined as September 1, 2014. (*Id.* at 2; *see also id.* at 1.) Cowand has been paid $14,608 of that sum. (*See*

Compl. ¶ 5; *see also* Mot. Default J. Ex. A, Cowand Aff. ¶ 1, ECF No. 10-1.)  Cowand resigned at the conclusion of his term.  (*See* Compl. ¶ 7.)

At the end of September 2014, Cowand filed this action.  Although Cowand served Griffin Energy's registered agent, (*see* ECF No. 4), Griffin Energy never answered the complaint or otherwise defended itself.  The Clerk accordingly entered a default, as Federal Rule of Civil Procedure 55(a) requires.  (*See* Order of Default, ECF No. 6.)  This motion followed.

## ANALYSIS

"[D]efault judgment 'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'"  *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).  "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."  *Lawbaugh*, 359 F. Supp. 2d at 422; *see also* Fed. R. Civ. P. 8(b)(6).  But "'[t]he defendant is not held . . . to admit conclusions of law.' . . . The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought . . . ."  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (first omission in original) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Under Maryland law, choice-of-law provisions in contracts are generally honored.  *See, e.g.*, *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 469 (4th Cir. 2011) (applying Maryland law).  Here, Cowand's contract with Griffin Energy specified that it would be governed by Delaware law, the state where Griffin

Energy is incorporated.  (*See* Contract 3.)

In Delaware, a plaintiff alleging breach of contract "must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).  Cowand has alleged facts sufficient to prove each of those elements, which Griffin Energy has impliedly admitted by failing to defend itself.

As to damages, Cowand appends to his motion for default judgment an affidavit specifying that $285,392 of his salary has not been paid.  (*See* Cowand Aff. ¶ 1.)  The court may rely on that affidavit to determine damages.  *See, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013).  That representation is consistent with the allegation, in Cowand's complaint, that he had been paid only $14,608 of the $300,000 consideration specified in the contract, which he supported via reference to certain exhibits appended to his complaint.  (*See* Compl. ¶ 6 (citing Exhibits E, F, G, and H).)

Accordingly, default judgment will be entered for Cowand equal to the unpaid balance of the contract.

Cowand's complaint also included a second, more inchoate claim, alleging that an unnamed former officer or director of Griffin Energy embezzled funds from the corporation by requesting "a transfer of $500,000 out of a bank account[] solely or partially titled" to Griffin Energy, among other alleged acts.  (*See* Compl. ¶¶ 7, 10–11.)  On the basis of that claim, Cowand's complaint sought to enjoin "any former officers or directors from having care, custody, and control over [Griffin Energy's] assets" and to enjoin a third party financial firm "to

account for" the $500,000.  (*See* Compl. 6.)  Now, however, Cowand does not seek a default judgment on that claim, or seek the relief that it allegedly supports.  Accordingly, the court will not issue the injunctions described in Cowand's complaint.  Indeed, the court probably lacks the authority to do so, because Federal Rule of Civil Procedure 65(d)(2) does not permit injunctions that bind non-parties who have not received notice of the case and who are neither agents of the parties nor in "active concert or participation" with those parties or their agents.  *See also Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001).

## CONCLUSION

For the reasons stated above, Cowand's motion for default judgment will be granted, and judgment will be granted in favor of him against Griffin Energy in the amount of $285,392.

A separate order follows.


May 28, 2015____                           _____/s/_____
Date                                       Catherine C. Blake
                                           United States District Judge